IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Terry Pressley, ) | |
| ) | Civil Action No. 3:14-4025-JMC-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Henry D. McMaster, John W. McIntosh, ) | |
| Donald J. Zelenka, Jon Ozmint, ) | |
| Bryan P Stirling, The State of South ) | |
| Carolina, The South Carolina ) | |
| Department of Corrections, and The ) | |
| South Carolina Attorney General's ) | |
| Office, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

      The plaintiff, a former state prisoner proceeding with counsel, seeks relief pursuant to Title 42, United States Code, Section 1983.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

      This case was removed from the Richland County Court of Common Pleas on October 15, 2014.  Defendants John W. McIntosh, Henry D. McMaster, Donald J. Zelenka, the South Carolina Attorney General's Office, and the State of South Carolina[1] ("the moving defendants") filed a motion to dismiss (doc. 5) pursuant to Federal Rule of Civil Procedure 12(b)(6) on October 16, 2014.  When the plaintiff did not file a timely response, the undersigned issued an order (doc. 17) on November 17, 2014, giving the plaintiff

---

[1] Defendants Jon Ozmint, Bryan P. Stirling, and the South Carolina Department of Corrections are represented by separate counsel and are not part of this motion to dismiss.

through December 10, 2014, to respond to the motion to dismiss. The plaintiff filed a response in opposition on December 10th (doc. 89), and on December 15, 2014, the defendants filed a reply (doc. 21).

## **FACTS PRESENTED**

After a jury trial in 1987 in Kingstree, South Carolina, the plaintiff was convicted of numerous crimes including armed robbery, possession of a weapon during the commission of a violent crime, and manufacturing cocaine (doc. 1-1, comp. ¶ 10). For these crimes, the plaintiff was sentenced by The Honorable John H. Smith to 25 years for Count 1 (armed robbery), 5 years for Count 2 (possession of a weapon during the commission of a violent crime), and 15 years for Count 3 (manufacturing cocaine), with the sentences to run consecutively (*id.* ¶¶ 12-13; *see also* doc. 5-2, sent. tr. 489).[2] The plaintiff concedes that Judge Smith orally stated that the sentences were to be served consecutively (doc. 1-1, comp. ¶ 13). The sentencing sheets confirmed that the sentences were to run consecutively (*id.* ¶ 16; doc. 5-3, sent. sheets). The plaintiff alleges that the sentencing judge did not sign the sentencing sheet for Count 2; however, the plaintiff does concede that the judge filled out the sentencing sheet specifically making the sentence for Count 2 consecutive to the Count 1 sentence (doc. 1-1, comp. ¶ 16). The plaintiff alleges that the lack of a signature on the Count 2 sentencing sheet rendered his consecutive sentences unlawful (*id.* ¶¶ 17-19). The plaintiff further alleges that "an employee of the South Carolina Department of Corrections added . . . a 'conforming signature'" (*id.* ¶ 21).

The plaintiff sued the moving defendants under 42 U.S.C. § 1983 and the South Carolina Tort Claims Act ("SCTCA"), alleging various state and federal constitutional

---

[2] The court may consider the exhibits attached to the defendants' motion to dismiss, which include the sentencing sheets and sentencing transcript, as they are integral to and explicitly relied on in the complaint, and the plaintiff does not challenge the authenticity of the exhibits. *See* Am. *Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (citation omitted).

violations related to his confinement, which he alleges was ten years longer than it should have been (*id.* ¶¶ 22-39). The plaintiff seeks damages and punitive damages. The sole allegation against any of the moving defendants is that Donald Zelenka, in his capacity "as an Assistant Attorney General, filed briefs and argued to continue the unlawful detention of Plaintiff" (*id.* ¶ 6). The plaintiff does not allege that any of the moving defendants played any role in the original prosecution or sentencing.

## APPLICABLE LAW AND ANALYSIS

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. *See Butler v. United States*, 702 F.3d 749, 752 (4th Cir. 2012). To survive such a motion, the complaint must contain facts sufficient "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must take all well-pled material allegations of the complaint as admitted and view them in the light most favorable to the non-moving party. *De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

A court may consider "documents attached or incorporated into the complaint" without converting a motion to dismiss into a motion for summary judgment. *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). Further, "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir.1999)); *see also Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (stating that "a court may consider official public records,

documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed") (citing *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co .*, 267 F.3d 30, 33 (1st Cir. 2001)).

"[A] state is not a person within the meaning of § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989). Likewise, since "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," a state official acting in his official capacity is also not a person under § 1983. *Id*. at 71. Accordingly, the constitutional claims against Mr. McIntosh, Mr. McMaster, and Mr. Zelenka in their official capacities, the State of South Carolina, and the South Carolina Attorney General's Office should be dismissed.

Furthermore, the sole allegation of involvement by any of the moving defendants is that Mr. Zelenka, in the course and scope of his employment, filed briefs and argued to continue the plaintiff's confinement. The plaintiff fails to allege any personal involvement by Mr. McMaster or Mr. McIntosh. To the extent the plaintiff seeks to hold those defendants with supervisory duties liable for the actions of other employees, the plaintiff's claims fail. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a *respondeat superior* theory of liability.") (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); and *Vinnedge v. Gibbs*, 550 F.2d 926, 927–29 (4th Cir. 1977). "Each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *See Iqbal*, 556 U.S. at 677 (rejecting an argument that government officials can be held liable because they merely had knowledge of or acquiesced in a subordinate's misconduct). The plaintiff must establish three elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate

indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Here, the plaintiff has not alleged facts that would impose supervisory liability on the moving defendants.

Furthermore, the plaintiff's claims against the individual moving defendants are barred by the doctrine of absolute prosecutorial immunity. In *Imbler v. Pachtman*, 424 U.S. 409 (1972),[3] the Supreme Court of the United States held that prosecutors are entitled to absolute immunity for engaging in activities that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. As discussed above, the sole allegation against any of the moving defendants is that Mr. Zelenka "filed briefs and argued to continue the unlawful detention of Plaintiff" (doc. 1-1, comp. ¶ 5). Representing the state's interest in criminal appeals or otherwise defending the validity of a conviction or sentence on appeal or in post-conviction proceedings is "intimately associated with the judicial phase of the criminal process," and thus constitutes an immune function. *See*, *e.g.*, *Parkinson v. Cozzolino*, 238 F.3d 145, 151 (2d Cir. 2001) (absolute prosecutorial immunity extends to appeals because "there is no meaningful distinction between the role of a prosecutor in obtaining a conviction and the role of a prosecutor in striving to uphold that conviction on appeal or to obtain a new conviction upon re-trial"); *Carter v. Burch*, 34 F.3d 257, 263 (4th Cir. 1994) (holding that prosecutor was entitled to absolute prosecutorial immunity because, "although the trial had been completed, Burch's functions in representing the State in Carter's post-conviction motions and direct appeal very much implicated the judicial process"); *Rice v. Nat'l Sec. Council*, 244 F. Supp. 2d 594, 602 (D.S.C. 2001) (holding that prosecutorial immunity extends to direct appeals and post-conviction or habeas corpus

---

[3] The following discussion applies to state and federal claims against the defendants. *See Williams v. Condon*, 553 S.E.2d 496 (S.C. Ct. App. 2001) (discussing application of *Imbler* to state law claims).

5

proceedings). Based upon the foregoing, the individual moving defendants are entitled to absolute prosecutorial immunity and the federal and state claims against them should be dismissed.

Lastly, as to the plaintiff's claims under the SCTCA against the State of South Carolina and the South Carolina Attorney General's Office, the SCTCA provides that (as relevant here) governmental entities "are not liable for a loss resulting from: . . . legislative, judicial, or quasi-judicial action or inaction, [and] administrative action or inaction of a legislative, judicial, or quasi-judicial nature." S.C. Code Ann. §§ 15-78-60(1), (2). Accordingly, the SCTCA claims against these moving defendants should also be dismissed.

In his response to the motion to dismiss, the plaintiff, through his counsel, states that he

> [C]onsents to dismiss the claims against McMaster, McIntosh, Zelenka, and The South Carolina Attorney General's Office as Defendants without prejudice at this time based on the doctrine of absolute immunity. Plaintiff also consents to dismiss the claims against The State of South Carolina without prejudice at this time as an unnecessary party. Plaintiff, however, moves this Court for leave to amend the complaint, if necessary, after discovery is completed.

(Doc. 19, pl. resp. at 1). The plaintiff goes on to state, that he "has grave concerns regarding who forged the judge's signature on the relevant sentencing sheet. Once that person is identified, Plaintiff anticipates it will be necessary to amend the complaint to add and/or modify the named defendants and causes of action" (*id.* at 1-2). However, there is no allegation that the moving defendants played any role in the original prosecution or sentencing of the plaintiff. Accordingly, no amount of digging into who wrote what on the sentencing sheet will matter as to the moving defendants. Furthermore, it appears that the plaintiff seeks voluntary dismissal of the moving defendants only to avoid an adjudication on the merits. Courts have repeatedly held that this sort of tactic should not prevail. *See*, *e.g.*, *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996) ("[A] party

should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice.").

## CONCLUSION AND RECOMMENDATION

Now, therefore, based upon the foregoing,

IT IS RECOMMENDED that the district court grant the moving defendants' motion to dismiss (doc. 5) with prejudice.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald<br>
United States Magistrate Judge

April 3, 2015<br>
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).