IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Terry Pressley, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Henry D. McMaster, John W. McIntosh, )<br>Donald J. Zelenka, Jon Ozmint, )<br>Bryan P Stirling, The State of South )<br>Carolina, The South Carolina )<br>Department of Corrections, and The )<br>South Carolina Attorney General's )<br>Office, )<br>)<br>)<br>Defendants. )<br>) | Civil Action No. 3:14-4025-JMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

The plaintiff, a former state prisoner proceeding with counsel, seeks relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

This case was removed from the Richland County Court of Common Pleas on October 15, 2014. On April 3, 2015, the undersigned filed a report and recommendation that the motion to dismiss (doc. 5) of defendants Henry D. McMaster, John W. McIntosh, Donald J. Zelenka, the State of South Carolina, and the South Carolina Attorney General's Office be granted. That recommendation (doc. 25) is currently pending before the Honorable J. Michelle Childs, United States District Judge.

Defendants Jon Ozmint, Bryan P. Stirling, and the South Carolina Department of Corrections ("SCDC") (collectively, "the moving defendants") filed a motion for summary

judgment (doc. 26), which is now before the court, on April 9, 2015. When the plaintiff did not file a timely response, the undersigned issued an order (doc. 32) on April 28, 2015, giving the plaintiff through May 8, 2015, to respond to the motion for summary judgment. The plaintiff filed a response in opposition on May 8th (doc. 34), and, on May 18, 2015, the moving defendants filed a reply (doc. 36).

## FACTS PRESENTED

After a jury trial in 1987 in Kingstree, South Carolina, the plaintiff was convicted of numerous crimes including armed robbery, possession of a weapon during the commission of a violent crime, and manufacturing cocaine (doc. 1-1, comp. ¶ 10). For these crimes, the plaintiff was sentenced by The Honorable John H. Smith to twenty-five years for Count 1 (armed robbery), five years for Count 2 (possession of a weapon during the commission of a violent crime), and fifteen years for Count 3 (manufacturing cocaine), with the sentences to run consecutively (*id.* ¶¶ 12-13; *see also* doc. 26-3, sent. tr. 489). The plaintiff concedes that Judge Smith orally stated that the sentences were to be served consecutively (doc. 1-1, comp. ¶ 13). The sentencing sheets confirmed that the sentences were to run consecutively (*id.* ¶ 16; doc. 26-2, sent. sheets). The plaintiff alleges that the sentencing judge did not sign the sentencing sheet for Count 2; however, the plaintiff does concede that the judge filled out the sentencing sheet specifically making the sentence for Count 2 consecutive to the Count 1 sentence (doc. 1-1, comp. ¶ 16). The plaintiff alleges that the lack of a signature on the Count 2 sentencing sheet rendered his consecutive sentences unlawful (*id.* ¶¶ 17-19).

The plaintiff sued defendants Ozmint and Stirling in their individual and official capacities as well as the SCDC under 42 U.S.C. § 1983 and the South Carolina Tort Claims Act ("SCTCA"). The plaintiff alleges both state and federal constitutional violations of his: (1) right to due process; (2) right prohibiting unlawful seizure; and, (3) right prohibiting cruel and unusual punishment (doc. 1-1, comp. ¶¶ 3, 26-39). The complaint contains no

allegations against Ozmint and Stirling but simply states that they "are the appropriate party defendants as representatives of the [SCDC]. As such they are statutorily liable for the acts and omissions of officers acting in the course and scope of their official duties pursuant to the [SCTCA] and 42 U.S.C. § 1983" (*id.* ¶ 6). The sole allegation relating to defendant SCDC is that "an employee of the [SCDC] added . . . a 'conforming signature' [to the sentencing sheet for Count II]" (*id.* ¶ 21). The plaintiff does not identify the SCDC employee who allegedly added the "conforming signature," nor does he state when this alleged act occurred (*see id.*). Furthermore, the plaintiff has presented no evidence supporting his allegation that an SCDC employee altered his sentencing sheet (*see* doc. 26-5, pl. resp. to interrogs. 1, 8, 17, 18, 20; doc. 34, pl. resp. at 1-6) .

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not

rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

### Section 1983

"[A] state is not a person within the meaning of § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989). Likewise, since "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," a state official acting in his official capacity is also not a person under § 1983. *Id*. at 71. Accordingly, the constitutional claims against defendants Stirling and Ozmint in their official capacities and the SCDC[1] should be dismissed.

Furthermore, the plaintiff fails to allege any personal involvement by defendants Stirling and Ozmint. There are no allegations that these defendants had any interactions at all with the plaintiff at any time relevant to this action. In fact, the sole mention of these defendants in the complaint simply states they are appropriate parties to this suit as representatives of the SCDC (doc. 1-1, comp. ¶ 6), presumably by virtue of both individual defendants serving as its Director of the SCDC during periods of the plaintiff's incarceration. To the extent the plaintiff seeks to hold these defendants with supervisory

---

[1] The plaintiff acknowledges in his response to the motion for summary judgment that the SCDC is not a proper defendant under Section 1983 (doc. 34, pl. resp. at 2) and apparently acknowledges that defendants Ozmint and Stirling are not proper defendants under Section 1983 in their official capacities (*id.* at 3 ("Plaintiff properly named Ozmint and Stirling as Defendants in their individual capacities.")).

4

duties liable for the actions of other employees, the plaintiff's claims fail. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a *respondeat superior* theory of liability.") (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); and *Vinnedge v. Gibbs*, 550 F.2d 926, 927–29 (4th Cir. 1977). "Each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (rejecting an argument that government officials can be held liable because they merely had knowledge of or acquiesced in a subordinate's misconduct).

The plaintiff must establish three elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). The only allegation relating to these defendants as representatives of the SCDC is that "an employee of the South Carolina Department Corrections added . . . a 'conforming signature' [to Count II]… in an attempt to unlawfully detain and incarcerate Plaintiff" (doc. 1-1, comp. ¶ 21). The plaintiff provides no evidence as to the identity of this alleged SCDC employee or when this alleged act occurred. Furthermore, the plaintiff makes no allegations as to how he came to the conclusion that it was an SCDC employee and does not provide any evidence that it was an SCDC employee. Moreover, he has presented absolutely no evidence establishing the three elements of supervisory liability set forth above. His reliance on conclusory allegations and subjective beliefs are insufficient to withstand a motion for summary judgment. Accordingly, summary judgment should be granted to defendants Stirling and Ozmint.

5

***SCTCA***[2]

As to the plaintiff's claims against the SCDC[3] under the SCTCA, the Act provides that (as relevant here) governmental entities "are not liable for a loss resulting from: . . . legislative, judicial, or quasi-judicial action or inaction, [and] administrative action or inaction of a legislative, judicial, or quasi-judicial nature." S.C. Code Ann. §§ 15-78-60(1), (2). Section 15-78-60(3) further provides as follows: "The governmental entity is not liable for a loss resulting from ... (3) execution, enforcement, or implementation of the orders of any court or execution, enforcement, or lawful implementation of any process." *Id.* § 15-78-60(3). The plaintiff argues that sovereign immunity does not bar the claims against the SCDC because the foregoing exceptions to the waiver of sovereign immunity in the SCTCA are inapplicable (doc. 34, pl. resp. at 3). The plaintiff argues, "This action is not based on legislative, judicial or quasi-judicial actions. It is purely based on the unlawful incarceration resulting from a forged document. Without a valid judicial signature, SCDC and its employees were required to release Plaintiff ten (10) years earlier than they actually did" (*id.* at 3-4). However, as will be discussed below, the plaintiff has presented absolutely no evidence supporting his claims, and, under South Carolina law, even if the sentencing sheet was defective, the plaintiff's confinement for Count II was still valid. Based upon the foregoing, the SCTCA claims should be dismissed.

***Merits***

All of the plaintiff's claims rest on his allegation that the sentencing sheet for Count II that is unsigned by Judge Smith voids the judicial order of confinement, and,

---

[2] The plaintiff alleged in his complaint that his rights under the South Carolina Constitution were violated (doc. 1-1, comp. ¶ 36-38). In his response to the motion for summary judgment, the plaintiff acknowledges that he is not asserting that the South Carolina Constitution creates a private right of action, and his only state law claims are based on the SCTCA (doc. 34, pl. resp. at 3).

[3] The plaintiff acknowledges in his response that the SCDC is the only proper defendant under the SCTCA (doc. 34, pl. resp. at 3).

6

therefore, his confinement for consecutive sentences was unlawful. However, the plaintiff admits that "Judge Smith orally stated that Plaintiff was sentenced to twenty five (25) years for Count I, five (5) years for Count 2 and fifteen (15) years for Count 3 [and] these sentences were to be served consecutively" (doc. 1-1, comp. ¶¶ 12-13). The moving defendants have submitted a copy of the transcript of the plaintiff's sentencing hearing in which Judge Smith stated:

> Sentence of the Court in regard to the armed robbery is the defendant be in the custody of Board of Corrections . . . for a period of 25 years; for the possession of the weapon, sentence of the Court be in the custody Board of Corrections for five years; cocaine charge, sentence of the Court the defendant be in the custody of the Board of Corrections for 15 years. Now, those three would be consecutive.

(Doc. 26-3, sent. tr. 489).

Whether a sentencing transcript or sentencing sheet is ambiguous is a question of law. *See Tant v. S.C. Dep't of Corr.*, 759 S.E.2d 398, 404 (S.C. 2014).The Supreme Court of South Carolina has held that "[a]n unambiguous sentencing pronouncement will control over an ambiguous sentence, whether oral or written, so long as giving effect to that pronouncement does not result in an illegal sentence or a deprivation of a defendant's constitutional rights." *Bordeaux v. State*, 765 S.E.2d 143, 145 (S.C. 2014) (holding that despite petitioner's allegation that "someone scratched out" the original sentence from his sentencing sheet, that because his oral sentencing pronouncement was subject to only one interpretation, his incarceration for those sentences was lawful) (citing *Boan v. State*, 695 S.E.2d 850, 852 (S.C. 2010) (finding that where one sentence was made from the bench, but later increased in the written order, the judge's oral pronouncement controlled as to do otherwise would violate the defendant's right to be present at all stages of the trial, including sentencing)). In *Tant*, the Supreme Court of South Carolina considered "[w]hat process must the [SCDC] engage in to determine an

7

inmate's sentence as intended by the sentencing judge." 759 S.E.2d at 401. The court determined that if the written sentencing sheet is ambiguous, the SCDC "can consider the court's transcript to determine what sentence the judiciary intended to impose." *Id.* at 401 n. 2. The plaintiff does not address the holdings of these cases or explain why his sentence should be deemed invalid despite Judge Smith's unambiguous pronouncement that "for the possession of the weapon, sentence of the Court [that the plaintiff] be in the custody of the Board of Corrections for five years" and that the sentences for all three crimes "would be consecutive" (doc. 26-3, sent. tr. 489). Here, assuming that the sentencing sheet, which bears the identical sentence set forth by Judge Smith in the transcript of the hearing, is ambiguous based upon the lack of a signature by the sentencing judge, the oral sentencing in this case is decidedly unambiguous. Therefore, the plaintiff cannot show that his confinement for that sentence was unlawful. Accordingly, the plaintiff has failed to establish any constitutional or state law violations based on his incarceration for this sentence, and summary judgment in favor of the moving defendants should be granted.[4]

## CONCLUSION AND RECOMMENDATION

Now, therefore, based upon the foregoing,

IT IS RECOMMENDED that the district court grant the moving defendants' motion for summary judgment (doc. 26).

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald<br>
United States Magistrate Judge

June 8, 2015
Greenville, South Carolina

---

[4]Based upon this recommendation, the defendants' remaining arguments in favor of summary judgment will not be addressed.

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).