**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Terry K. Pressley, ) | |
| ) | Civil Action No. 3:14-cv-04025-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Henry D. McMaster; John W. McIntosh; ) | |
| Donald J. Zelenka; Jon Ozmint; ) | |
| Bryan P. Stirling; ) | |
| The State of South Carolina; ) | |
| The South Carolina Department of ) | |
| Corrections; and The South Carolina ) | |
| Attorney General's Office, ) | |
| ) | |
| Defendants. ) | |

Plaintiff brought this action seeking relief pursuant to 42 U.S.C. § 1983 (2012) and the South Carolina Tort Claims Act ("SCTCA"), as codified at S.C. Code Ann. §§ 15-78-10 *et seq.* (2015). This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 76) recommending that Defendants' Motion for Summary Judgment (ECF No. 32) be granted. This court finds that:

1) Plaintiff's civil claims under 42 U.S.C. § 1983 and the SCTCA should be dismissed for the reasons the Magistrate Judge already discussed in his Report (ECF No. 76);

2) Defendants are not entitled to summary judgment on their defense that Plaintiff's prior federal habeas petition precluded his civil claims in this matter;

3) Defendants are entitled to summary judgment on their defenses that Defendant Stirling and Defendant Ozmint had qualified immunity as to Plaintiff's civil claims, that

1

Plaintiff's civil claims were outside of the required statute of limitations, and that the state habeas ruling precluded his civil claims from being relitigated in federal court.

Therefore, the court **ACCEPTS IN PART** and **MODIFIES IN PART** the Magistrate Judge's Report (ECF No. 76) and **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion for Summary Judgment (ECF No. 32). This action is dismissed with prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the Report's factual summation is accurate and includes relevant portions here:

> After a jury trial in 1987 in Kingstree, South Carolina, the plaintiff was convicted of numerous crimes including armed robbery, possession of a weapon during the commission of a violent crime, and manufacturing cocaine. For these crimes, the plaintiff was sentenced by The Honorable John H. Smith to twenty-five years for Count 1 (armed robbery), five years for Count 2 (possession of a weapon during the commission of a violent crime), and fifteen years for Count 3 (manufacturing cocaine), with the sentences to run consecutively. The plaintiff concedes that Judge Smith orally stated that the sentences were to be served consecutively. The sentencing sheets confirmed that the sentences were to run. The plaintiff alleges that the sentencing judge did not sign the sentencing sheet for Count 2; however, the plaintiff does concede that the judge filled out the sentencing sheet specifically making the sentence for Count 2 consecutive to the Count 1 sentence. The plaintiff alleges that the lack of a signature on the Count 2 sentencing sheet rendered his consecutive sentences unlawful.
>
> The plaintiff sued defendants Ozmint and Stirling in their individual and official capacities as well as the SCDC under 42 U.S.C. § 1983 and the South Carolina Tort Claims Act ("SCTCA"). The plaintiff alleges both state and federal constitutional violations of his: (1) right to due process; (2) right prohibiting unlawful seizure; and, (3) right prohibiting cruel and unusual punishment. The complaint contains no allegations against Ozmint and Stirling but simply states that they "are the appropriate party defendants as representatives of the [SCDC]. As such they are statutorily liable for the acts and omissions of officers acting in the course and scope of their official duties pursuant to the [SCTCA] and 42 U.S.C. § 1983." The sole allegation relating to defendant SCDC is that "an employee of the [SCDC] added . . . a 'conforming signature' [to the sentencing sheet for Count II]." The plaintiff does not identify the SCDC employee who allegedly added the "conforming signature," nor does he state when this alleged act occurred. Furthermore, the plaintiff has presented no evidence supporting his allegation that an SCDC employee altered his sentencing sheet.

2

(ECF No. 40 at 1–2 (citations omitted).)

The Magistrate Judge recommended that Defendants' Motion for Summary Judgment (ECF No. 26) be granted. (*Id.* at 8.) Plaintiff filed an Objection to the Report (ECF No. 40), to which Defendants Jon Ozmint, Bryan Stirling, and the South Carolina Department of Corrections filed a Reply (ECF No. 44). Defendants Jon Ozmint, Bryan Stirling, and the South Carolina Department of Corrections also filed an Objection to the Report (ECF No. 43).

## II.     LEGAL STANDARD

*A. The Magistrate Judge's Report and Recommendation*

The Report is made in accordance with 28 U.S.C. § 636(b)(1) (2012) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The court reviews de novo only those portions of a Magistrate Judge's recommendation to which specific objections are filed. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). It reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Orpiano*, 687 F.2d at 47. The court may accept, reject, or modify—in whole or in part—the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

*B. Motion for Summary Judgment*

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49

(1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the non-moving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

### III.   ANALYSIS

*A. The Court's Review of Plaintiff's Objections*

In his Report, the Magistrate Judge determined:

1) that Plaintiff's claims under 42 U.S.C. § 1983 against Defendant Stirling and Defendant Ozmint in their official capacities should be dismissed, (ECF No. 40 at 4);

2) that Plaintiff's claims under 42 U.S.C. § 1983 against Defendant Stirling and Defendant Ozmint failed to the extent that Plaintiff seeks to hold them liable for the actions of other employees, *(id.* at 4–5);

4

3) that Plaintiff's claims under the SCTCA against the South Carolina Department of Corrections should be dismissed on grounds of sovereign immunity, (*id.* at 6–7); and

4) that Plaintiff's claim that the unsigned sentencing sheet for Count 2 voids the judicial order of confinement and makes his confinement for consecutive sentences unlawful—the allegation on which all of his claims rest—should be dismissed on the merits, (*id.* at 6–7).

In response, Plaintiff objected, for the most part, on the very same grounds he argued in his Response to Defendants' Motion for Summary Judgment. (*Compare* ECF No. 41 (Objection), *with* ECF No. 34 (Response).) For example, he re-asserts his argument that the Count 2 sentence was never valid and provides portions from the South Carolina Department of Correction's "Inmate Classification Plan" and "Inmate Records Plan" as support. (ECF No. 41 at 1–4.) Plaintiff further re-asserts, as part of his objections, that Defendant Ozmint and Defendant Stirling be held liable in their individual and supervisory capacities. (*Id.* at 4–6.) Plaintiff relies on what appears to be correspondence between Defendant Ozmint and others regarding Plaintiff's sentencing to support his claim that Defendant Ozmint should be held liable in his supervisory capacities since he was aware of the invalid sentence and its violation against the policies of the South Carolina Department of Corrections. (*Id.* at 5–6 (citing ECF No. 41-3 (Ex. C).) Plaintiff similarly states that Defendant Stirling, because he was "responsible for updating [South Carolina Department of Correction]'s policies and is also responsible for the same control over employees as [Defendant] Ozmint was before," should also be held liable in his supervisory capacity. (*Id.* at 6.) Finally, Plaintiff re-asserts his belief that S.C. Code Ann. § 15-78-60(2)–(3) (2015) (providing exceptions to waiver of immunity) and S.C. Code Ann. § 15-78-70(17) (2015) (providing the exclusive

remedy for torts committed by government employees) are inapplicable to the SCTCA claims against the South Carolina Department of Corrections.  (*Id.* at 6–7.)

Plaintiff's objections unfortunately fail.  First, the new evidence Plaintiff provides in the form of the South Carolina Department of Corrections policy provisions—assuming, *arguendo*, it is even properly before this court at this juncture of the case—would still fail to withstand the grounds the Magistrate Judge already identified for why the Count 2 sentencing sheet cannot be deemed invalid as a matter of law.  (*See* ECF No. 40 at 8 (discussing relevant South Carolina precedent and concluding that "[t]he plaintiff does not address the holdings of these cases or explain why his sentence should be deemed invalid").)  Moreover, as Defendants suggest in their Reply, (ECF No. 44 at 2), Plaintiff fails to explain how a potential violation of the policy provisions it cites necessarily equates to the causes of action it brings before this court such that denial of summary judgment would be appropriate.

Second, as to Plaintiff's claims that Defendants be held liable in their supervisory capacities, this court similarly determines that Plaintiff's objections fail to overcome the grounds for granting summary judgment.   In his Report, the Magistrate Judge concluded that Plaintiff "presented absolutely no evidence establishing the . . . elements of supervisory liability . . . ." (ECF No. 40 at 5 (referencing the elements of supervisory liability for a constitutional injury under *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).)  Evidence that Defendants knew that Plaintiff had previously raised concerns about his conviction—again, even if properly before the court—is insufficient to establish supervisory liability such that denying summary judgment is appropriate.

Otherwise, to the extent that Plaintiff's arguments in his Objection are the very same as those already presented, this court agrees with the Magistrate Judge's rationale articulated in his Report for dismissing those claims.  The core key issue in the matter before this court is whether

Defendants have proven that "there is no genuine dispute as to any material fact" for the purposes of granting summary judgment. Fed. R. Civ. P. 56(a). Plaintiff's burden in response to Defendants' motion was to provide "sufficient evidence supporting the claimed factual dispute" such that it would be necessary for "a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249. The Magistrate Judge found that Plaintiff had not done so, and upon review of Plaintiff's objections and the record as a whole, this court agrees.

*B. The Court's Review of Defendants' Objections*

Defendants, in their filed Objection, state that they agree "with the entirety" of the Magistrate Judge's Report. (ECF No. 43 at 2.) They nonetheless ask this court to resolve the additional legal issues they presented in their Motion for Summary Judgment (ECF No. 26-1 at 17) that they, presumably, conclude the Magistrate Judge did not address. (ECF No. 43 at 2.) Defendants specifically argue that notwithstanding the Magistrate Judge's Report dismissing the case on other grounds, Plaintiff's claims against them were time-barred, were not enough to overcome the qualified immunity both Defendants have, and were precluded by Plaintiff's previous litigation of issues in this case. (*See generally* ECF No. 43.)

Summary judgment should be granted on these issues only if Defendants have shown "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Furthermore, this court views the evidence Defendants have provided "in the light most favorable" to the Plaintiff. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). The court considers each of Defendants' issues below.

1. Statute of Limitations

7

Plaintiff had two years from the date he discovered, or should have discovered, his loss to file his SCTCA claim. S.C. Code Ann. § 15-78-110 (2015). As to Plaintiff's 42 U.S.C. § 1983 claims, the United States Supreme Court has explained:

> Because § 1983 claims are best characterized as personal injury actions, we held that a State's personal injury statute of limitations should be applied to all § 1983 claims. . . . Courts considering § 1983 claims in States with multiple statutes of limitations for personal injury actions, however, have differed over how to determine which statute applies. We accordingly hold that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions.

*Owens v. Okure*, 488 U.S. 235, 240–50 (1989) (internal quotation marks and citations omitted). South Carolina is one such state that provides multiple statutes of limitations for personal injury actions, and its "residual" personal injury statute of limitations is three (3) years. S.C. Code Ann. § 15-3-530(5) (2015).

In support of their argument that Plaintiff's claims were not within this applicable three (3)-year statute of limitations, Defendants explain:

> Plaintiff's post-conviction relief litigation demonstrates he was aware of his issues regarding the Count II sentencing sheet as early as February 4, 2009. More than five (5) years and seven (7) months passed before the Plaintiff brought this action on September 18, 2014, which far exceeds the three (3) year statute of limitations under S.C. Code Ann. § 15-3-530 or the two (2) year statute of limitations provided by the SCTCA, S.C. Code Ann. § 15-78-110 (Supp. 2003). Because Plaintiff did not file either his Complaint until well beyond the date on which the statute of limitations on these claims ran, both his state and federal claims should be dismissed.

(ECF No. 43 at 4.)

Based upon a review of the record and relevant law, this court finds persuasive the evidence Defendants advance. This court grants Defendants summary judgment on their claims that Plaintiff's causes of action under 42 U.S.C. § 1983 and the SCTCA were time-barred under the applicable statute of limitations.

2. Qualified Immunity

Qualified immunity protects government officials performing discretionary functions from civil damage suits if the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). But if, at the time an official violates such a clearly established constitutional or statutory right of a plaintiff, an objectively reasonable official in the defendant's position would have known of such a violation, this immunity is lost. *Id.*

To determine qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999). As such, ruling on a defense of qualified immunity generally requires "(1) identification of the specific right allegedly violated; (2) determining whether at the time of the alleged violation the right was clearly established; and (3) if so, then determining whether a reasonable person in the [official's] position would have known that doing what he did would violate that right." *Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir. 1992).

In support of their argument that they were entitled to qualified immunity, Defendants explain:

> [N]owhere has Plaintiff alleged that it was either Defendants Ozmint or Stirling who acted to alter his sentencing sheet. Furthermore, Plaintiff has presented absolutely no evidence establishing it was an employee of the SCDC who did so. [A]nyone could have signed the Judge's name to the sentencing sheet – his clerk, the clerk of court, an assistant, etc. Speculation that it might have been an SCDC employee fails to allege the named individual Defendants violated any of Plaintiff's rights. Therefore, the Court need not proceed to the second prong of the qualified immunity analysis. See Evans v. Chalmers, 703 F.3d 636, 646 (4th Cir. 2012) ("[I]f a plaintiff fails to allege that an official has violated any right, the official is hardly in need of any immunity and the analysis ends right then and there.").

9

> Even if Plaintiff had adequately pleaded that these Defendants individually participated in a constitutional violation, they would still be entitled to qualified immunity. At the time these Defendants served as officials of the SCDC, it was certainly not clearly established that when a conflict exists between the oral pronouncement of a sentence and the written order, that the written order would control. On the contrary, as the Magistrate pointed out in his Report and Recommendation, South Carolina case law directs that Plaintiff's unambiguous sentencing pronouncement by Judge Smith controls over any ambiguity in his sentencing sheets.

(ECF No. 43 at 5 (citations omitted).)

Based upon a review of the record and relevant law, this also court finds persuasive the evidence Defendants advance on this issue and grants Defendants summary judgment as to their claims for entitlement to qualified immunity against Plaintiff's 42 U.S.C. § 1983 claims.

3. Preclusion: Res Judicata and Collateral Estoppel[1]

   a. Preclusion of State Habeas Petition

The Federal Full Faith and Credit statute, 28 U.S.C. § 1738 (2012), requires federal courts to "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Under South Carolina state law, the party asserting collateral estoppel must show "that the issue in the present lawsuit was: (1) actually litigated in the prior action; (2) directly determined in the prior action; and (3) necessary to support the prior judgment."

---

[1]The United States Supreme Court noted in *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008), that "[t]he preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" The Court explained that claim preclusion is a doctrine that prevents "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id.* (internal quotation marks and citation omitted). The Court contrasted the separate doctrine of issue preclusion, or collateral estoppel, as one allowing a party to prevent "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." *Id.* (internal quotation marks and citation omitted).

*Carolina Renewal, Inc. v. S.C. Dep't of Transp.*, 385 S.C. 550, 554 (S.C. Ct. App. 2009). "While the traditional use of collateral estoppel required mutuality of parties to bar relitigation, modern courts recognize the mutuality requirement is not necessary for the application of collateral estoppel where the party against whom estoppel is asserted had a full and fair opportunity to previously litigate the issues." *Id.* (internal quotations omitted).

While similar as a doctrine of preclusion, res judicata requires a somewhat different analysis under South Carolina law. "Res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties." *Plum Creek Dev. Co., Inc. v. City of Conway*, 334 S.C. 30, 34 (S.C. 1999) (citing *Sub–Zero Freezer Co. v. R.J. Clarkson Co.*, 308 S.C. 188 (S.C. 1992)). "Under the doctrine of res judicata, '[a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit.'" *Id.* (quoting *Hilton Head Ctr. of S.C., Inc. v. Pub. Serv. Comm'n of S.C.*, 294 S.C. 9, 11 (S.C. 1987)). "To establish res judicata, the defendant must prove the following three elements: (1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the issue in the former suit." *Id.* (citing *Riedman Corp. v. Greenville Steel Structures, Inc.*, 308 S.C. 467 (S.C. 1992); *Sealy v. Dodge*, 289 S.C. 543 (S.C. 1986)).

In his Report regarding Petitioner's SCTCA and 42 U.S.C. § 1983 claims, the Magistrate Judge correctly observed: "All of Plaintiff's claims rest on his allegation that the sentencing sheet for Count II that is unsigned by Judge Smith voids the judicial order of confinement, and, therefore, his confinement for consecutive sentence was unlawful." (ECF No. 40 at 7.) In Plaintiff's prior state habeas proceeding, the judge provided the following rationale for dismissing Plaintiff's state habeas petition:

11

> Applicant's allegation that the Possession of a Weapon sentencing sheet has been altered or forged by Respondent is unsubstantiated, erroneous and without merit. Both the sentencing sheet from the Clerk of Court as well as Applicant's SCDC records clearly reflect Applicant was given such a sentence. Further, based on a review of the trial transcript, Judge Smith explicitly imposed a five (5) year consecutive sentence for the Possession of a Weapon charge after Applicant was found guilty by the jury.

(ECF No. 5-4 at 4–5.) All of the elements under both res judicata and collateral estoppel, as construed under South Carolina law, appear to be ostensibly fulfilled.

But in light of *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984), the this court a must also conclude that South Carolina affords claim- and issue-preclusive effect to its habeas judgments for later civil actions. *Compare, e.g.*, *Gonzalez v. Cal. Dep't of Corr.*, 739 F.3d 1226, 1232 (9th Cir. 2014) (explaining that California would afford preclusive effect to its habeas judgments because California's law of claim preclusion against "splitting a cause of action" applies "regardless of whether the relief sought in each action is the same"), *with Rhodes v. Hannigan*, 12 F. 3d 989, 991 (10th Cir. 1993) (concluding that Kansas would not afford preclusive effect to its habeas judgments because Kansas's law of preclusion requires "identity in the things sought"). This court can find no reason that South Carolina's laws of preclusion would not extend to its prior state habeas judgments. *See, e.g.*, *Carolina Renewal, Inc. v. S.C. Dept. of Transp.*, 385 S.C. 550, 556 (S.C. App. 2009) ("The doctrine of collateral estoppel prevents the relitigation of *issues,* not claims, necessarily determined in a former proceeding regardless of whether the identity of the causes of action in successive lawsuits are the same." (emphasis in original)); *Plum Creek Dev. Co., Inc. v. City of Conway*, 334 S.C. 30, 35 (S.C. 1999) (disagreeing with the party's argument that "because it seeks a different remedy in the present action, monetary damages," res judicata did not apply).

According to the evidence, Plaintiff challenged the validity of his confinement in his state habeas petition—that he now disputes that fact under a different legal cause of action is irrelevant under South Carolina's standards for having either preclusion doctrine successfully asserted against him. And Plaintiff provides no evidence for this court to conclude otherwise. Therefore, as grounds for summary judgment, this court finds that Plaintiff's state habeas petition precluded his civil claims before this court.

### b. Preclusion of Federal Habeas Petition

In support of their original Motion for Summary Judgment, Defendants argued that Plaintiff had "already raised the issue of the consecutive nature of his sentence on Count II in both state *and* federal court, and has failed to persuade either court of his position."[2] (ECF No. 26-1 at 16 (emphasis added).) This court also considers then the separate and more complicated issue of whether Plaintiff's federal habeas petition had any preclusive effects on his civil claims now before this court.

"The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). In *Taylor*, the United States Supreme Court explained:

> Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim. By precluding parties from contesting matters that they have had a full and fair opportunity to litigate, these two doctrines protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions.

---

[2] Notably, Defendants provide no evidence—*e.g.*, relevant portions of a previous federal court order—in their Objection (ECF No. 43) to support their original argument that Plaintiff's claims were estopped by his previous federal habeas petition.

*Taylor*, 553 U.S. at 892 (internal quotation marks and citations omitted).  Under the preclusion doctrines, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.  *Montana v. United States*, 440 U.S. 147, 153 (1979).

Defendants cited *Pressley v. Warden*, 2011 WL 1113781, at *8 (D.S.C. 2011) as evidence that a federal court had already held that "the absence of a signature from the sentencing sheet did not make Plaintiff's confinement unconstitutional."  *Id.*  Upon careful review of that decision, however, this court cannot safely conclude that the issue was ever decided on the merits such that, as a matter of law for summary judgment purposes, Plaintiff's federal habeas petition precluded his civil claims.

In *Pressley*, the District Judge for the District Court of South Carolina, without discussing the merits of the federal habeas petition at all, stated that she "agree[d] with" the Magistrate Judge's Report before her and that the petitioner's objections to that Report did not "cure the deficiencies of the petition, namely, that it is successive in nature, untimely, and fails on its merits." *Pressley v. Eagleton*, 2011 WL 1113550, at *1 (D.S.C. 2011)   The Report the District Judge adopted, though it discussed the merits, concluded:  "Over nine years of non-tolled time passed between the petitioner's first post-AEDPA state PCR application and his last, which is still pending.  Accordingly, the current petition is time-barred."  *Pressley v. Warden, Ridgeland Corr. Inst.*, 2011 WL 1113781, at *7 (D.S.C. 2011).  Thus, whether there was ever a final judgment on the merits is not at all clear for summary judgment to be granted as to this issue.  *See Montana v. United States*, 440 U.S. 147, 153 (1979) ("A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and *directly determined* by a court of competent jurisdiction . . . cannot

be disputed in a subsequent suit between the same parties or their privies . . . ." (emphasis added) (internal quotation marks and citation omitted).).

Moreover, whether a federal habeas petition precludes, if at all, subsequent civil claims does not appear to be at all a settled issue as a matter of federal common law for this court's determination of summary judgment on this issue. What appears to be the lone District Court of South Carolina to issue a ruling on this issue is *Boston v. Stobbe*, 586 F. Supp. 2d 574, 578–79 (D.S.C. 2008). In that case, the court, having no Fourth Circuit precedent on which to rely, cited *Hawkins v. Risley*, 984 F.2d 321, 323 (9th Cir. 1993) for support in dismissing a civil rights action based upon the res judicata effect of a previous federal habeas petition. *Id.* However, as another district court noted of *Stobbe* and other district courts that have cited *Hawkins* for support in similar cases:

> Before the passage of the [Antiterrorism and Death Penalty Act ("AEDPA")], the [Court of Appeals for the] Ninth Circuit had held that res judicata may bar a § 1983 action based on the adjudication of a prior federal habeas decision. *Hawkins v. Risley*, 984 F.2d 321, 323 (9th Cir. 1993) . . .[N]one of the [district court] cases [relying on the holding in *Hawkins*] addressed or acknowledged the fact that a very different threshold for relief is required by AEDPA, relative to that in a § 1983 suit. . . . AEDPA requires deference to the state court adjudication of any habeas claim. The determination of a constitutional due process claim involves no such deference; constitutional claims are reviewed de novo.

*Liebb v. Daly*, 2009 WL 734090, at *5 (N.D. Cal. 2009). In light of these considerations regarding AEDPA, the law under which Plaintiff's prior federal habeas petition was also reviewed in this case, that district court concluded that "a judgment applying the AEDPA standard on a habeas petition does not preclude, on res judicata grounds, the litigation of a subsequent civil rights claim." *Id*; *but see Reaves v. Penn. Bd. of Prob. & Parole*, 580 Fed. App'x 49, 53 (3d Cir. 2014) (citing *Hawkins* for the proposition that a federal habeas petition can preclude a later civil rights action

15

and concluding that Plaintiff's constitutional claims in that case were precluded by his previous federal habeas petition).

## IV.     CONCLUSION

For the foregoing reasons, this court finds that:

4) Plaintiff's civil claims under 42 U.S.C. § 1983 and the SCTCA should be dismissed for the reasons the Magistrate Judge already discussed in his Report (ECF No. 76);

5) Defendants are not entitled to summary judgment on their defense that Plaintiff's prior federal habeas petition precluded his civil claims in this matter;

6) Defendants are entitled to summary judgment on their defenses that Defendant Stirling and Defendant Ozmint had qualified immunity as to Plaintiff's civil claims, that Plaintiff's civil claims were outside of the required statute of limitations, and that the state habeas ruling precluded his civil claims from being relitigated in federal court.

Therefore, the court **ACCEPTS IN PART** and **MODIFIES IN PART** the Magistrate Judge's Report (ECF No. 76) and **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion for Summary Judgment (ECF No. 32). This action is dismissed with prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 21, 2016
Columbia, South Carolina